UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:
BARNARD COLLEGE,                                               :
:  **ORDER CONFIRMING**
           Petitioner, Counter-Respondent,    :  **ARBITRATION**
     v.                                       :
:  19 Civ. 531 (AKH)
TRANSPORT WORKERS UNION OF                    :
AMERICA, AFL-CIO LOCAL 264                    :
:
           Respondent, Cross-Petitioner.      :
:
------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Petitioner Barnard College ("Barnard" or "petitioner") moves to vacate an arbitral award dated January 2, 2019, while respondent Transport Workers Union of America, AFL-CIO Local 264 ("respondent") moves to confirm the same award, pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. These proceedings arise in the context of an employment dispute, in which Barnard seeks to dismiss an employee, Orton Reynolds ("Reynolds") for engaging in sexual harassment.

        Pursuant to their collective bargaining agreement ("CBA"), the parties submitted the dispute to arbitration by a jointly selected arbitrator, Carmelo Gianino. The parties presented the following issues: 1) Did the employer, Barnard College, have just cause to discharge the grievant, Orton Reynolds, effective on or about March 1, 2018; if not, what shall be the remedy? 2) Did the employer, Barnard College, violate Sections 8(a)(1) and 8(a)(3) of the National Labor Relations Act by discharging Orton Reynolds effective on or about March 1, 2018?

1

The arbitration took place over four days and involved testimony and documentary evidence. The arbitrator, found that, in the course of representing another individual in an unrelated proceeding, Reynolds stated that he could not question a witness, who was a Barnard employee, because she "was making him uncomfortable with her attire—her blouse was cut too low." Award, Ex A, ECF 7-1, at 2. The arbitrator found that Reynolds, a security officer at Barnard and president of Local 264, violated Barnard's Policy Against Discrimination and Sexual Harassment, that the complainant was "humiliated and hurt by [Reynolds'] actions," and that "some disciplinary penalty must be imposed." *Id.* at 4.

The arbitrator nevertheless concluded that, in light of employee's employment history, termination was "overkill." Award, Ex A, ECF 7-1, at 4. Instead, the award ordered the employee to return to service, forfeiting back pay and seniority rights for the term of his suspension. *Id.* The arbitrator also found that Barnard did not violate the National Labor Relations Act.

Upon consideration, I confirm the arbitral award.

## Discussion

Petitioner presents three arguments for vacating the arbitral award and against confirming the award: first, that the award is against public policy; second, that the award exceeds the scope of the arbitrator's authority under the CBA; and third, that the arbitrator acted in manifest disregard of the law and the parties' agreement. Each of these objections fail.

A. <u>Standard</u>

Section 10(a)(4) of the Federal Arbitration Act provides that an arbitral award may be vacated "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4). "As a 'judicial gloss' on section 10(a), the Second Circuit recognizes two additional bases for vacatur: where the award is in 'manifest disregard' of the law or of the terms of the parties' agreement. *Am. Centennial Ins. Co. v. Global Int'l Reinsurance Co.*, No. 12-cv-1400 (PKC), 2012 WL 2821936 (S.D.N.Y. July 9, 2012) (citing *Schwartz v. Merrill Lynch & Co., Inc.*, 665 F.3d 444, 451–52 (2d Cir. 2011).

"[A]federal court's review of labor arbitration awards is narrowly circumscribed and highly deferential—indeed, among the most deferential in the law." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 532 (2d Cir. 2016). A court "must simply ensure that the arbitrator was 'even arguably construing or applying the contract and acting within the scope of his authority' and did not 'ignore the plain language of the contract.' These standards do not require perfection in arbitration awards. Rather, they dictate that even if an arbitrator makes mistakes of fact or law, we may not disturb an award so long as he acted within the bounds of his bargained-for authority." *Id.* (quoting *United Paperworks Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987)).

"Normally, confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court,' and the court 'must grant' the award 'unless the award is vacated, modified, or corrected.'" *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (internal citations omitted) (citing 9 U.S.C. § 9).

3

"The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *Id.* (internal citations and quotation marks removed). "Only 'a barely colorable justification for the outcome reached' by the arbitrators is necessary to confirm the award." *Id.*

"A party moving to vacate an arbitration award has the burden of proof, and the showing required to avoid confirmation is very high." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006). "A party seeking to vacate an arbitration award on the basis of manifest disregard of the law must satisfy a two-pronged test, proving that: (1) the arbitrator knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrator was well defined, explicit, and clearly applicable to the case." *Id.* at 110–11 (internal quotation marks omitted).

Section 14 of the collective bargaining agreement provides that "[n]o employee shall be discharged or suspended except for a just and sufficient cause." Ex B, ECF 7-2, at 7. The agreement sets out procedures for grievances. *Id.* at 7–9. "[T]he decision of the arbitrator shall be final and binding upon both parties." *Id.* at 9.

B. <u>The Narrow Public Policy Exception Does Not Afford a Basis to Vacate the Award</u>

Barnard argues that the award should not be confirmed for violating public policy. According to Barnard, the award, having found sexual harassment and serious harm to the complainant and nevertheless having reinstated Reynolds, condones sexual harassment in the workplace. Barnard argues that these considerations are particularly salient in this case, because

4

Barnard is a women's college, and Reynolds' position as a campus security officer requires regular contact with women. Barnard further points to its obligations under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, Title IX of the Education Amendments Act of 1972, 20 U.S.C. § 1681 *et seq.*, New York State law, and New York City law.

"[T]here is an explicit, well-defined, and dominant public policy against sexual harassment in the work place." *Newsday, Inc. v. Long Island Typographical Union, No. 915, CWA, AFL-CIO.*, 915 F.2d 840, 845 (2d Cir. 1990). Vacatur for reasons of public policy turns on "whether the grievant had been given explicit warnings that the complained of behavior violated the sexual harassment policies of the employer—either from previous arbitral awards, *see Newsday*, or in previous grievance procedures provided for in collective bargaining agreements." *Jam. Buses, Inc. v. Transp. Workers' Union, Local 100*, No. 02-cv-2533 (SJ), 2003 U.S. Dist. LEXIS 6209, *19 (E.D.N.Y. Mar. 31, 2003). In *Newsday*, "vacatur was appropriate because the arbitral award in question blatantly ignored a previous arbitration award involving the same grievant which explicitly stated that any further violations of the company's sexual harassment policy would result in the grievant's dismissal." *Id.* at *18.

In this case, the arbitrator found that Reynolds did not have any history of sexual harassment and thus lacked "repeated warnings" or notice "that any further acts of harassment . . . would be grounds for discharge." *Newsday*, 915 F.2d at 845. Contrary to its arguments, petitioner's citations to a February 25, 2018 email from Reynolds do not establish that Reynolds had notice *before* the incident in question. Email, ECF 18-1, at 2.

Even considering the existence of another allegation of sexual harassment, Reynolds did not have notice or warnings of the type required by this "very narrow exception."

5

*Jam. Buses*, 2003 U.S. Dist. LEXIS 6209, *19. The arbitrator evaluated other informal allegations against Reynolds and ultimately decided not to consider them, because they were not "formalized and entered on an employment record." Award, Ex A, ECF 7-1, at 2. These investigations also appear not to have been finalized. Finally, vacating this award would not have "the effect of upholding [an earlier] arbitral award." *Saint Mary Home, Inc. v. Serv. Employees Int'l Union, Dist. 1199*, 116 F.3d 41, 47 (2d Cir. 1997) (discussing *Newsday*).

### C. The Arbitrator Did Not Exceed His Authority Under the CBA

Barnard next argues that Arbitrator Gianino exceeded his authority under the CBA, because he did not invoke the "just cause" language of the contract and because his remedy contravened Barnard's own contractual authority to discipline its employee. I find that the arbitrator acted within the scope of his authority under the collective bargaining agreement and that the award meets the low threshold for confirmation. He had broad authority under the contract to determine whether there was "just and sufficient cause" to terminate Reynolds and to formulate an appropriate remedy. *See Hill v. Staten Island Zoological Soc., Inc.*, 147 F.3d 209, 213–14 (2d Cir. 1998).

The arbitrator's conclusions map the issues jointly submitted to him by the parties. In answering the first part of the first issue, the arbitrator concluded that there was not just cause for terminating Reynolds. Although petitioner notes that the arbitrator does not explicitly invoke the words "just cause," it is at least arguable that he applied the principle and the contract generally in finding termination disproportionate to Reynolds' offense. In addressing the second prong of the first issue submitted by the parties, the arbitrator presented

6

the "remedy," which was that Reynolds should be reinstated, without back pay or seniority benefits for the period at issue.

For this reason, petitioner's argument that the award failed to address language contained in the CBA addendum also fails. I conclude that Reynolds acted within the scope of his authority.

### D. Manifest Disregard of the Law

Petitioner finally argues that the arbitrator's decision was in manifest disregard for the law and the CBA. While minimal, the arbitrator does recite a basis for his decision: Reynold's long employment history. Contrary to petitioner's arguments, the arbitrator does consider the credibility of other allegations against Reynolds and declines to weigh them in his analysis, because they were not formalized. The arbitrator also recognized the seriousness of Reynolds' conduct by converting the period between Reynolds' termination and the award into a lengthy suspension without pay, benefits, and the accrual of seniority. Given the highly deferential standard of review and the breadth of discretion afforded by a standard based on "just cause," I conclude that the arbitrator did not act in manifest disregard of the law.

### E. Other Remedies

Respondent seeks back pay and prejudgment interest for Reynolds from the date of the arbitral award up to the date of reinstatement. The arbitrator directed that Reynolds "shall be returned to service as quickly as possible in line with Barnard's admission/readmission policy." Respondent has not made any showing as to the earliest possible date consistent with

7

this policy. Consequently, I decline to order such an award here. Similarly, I decline to award attorneys' fees, which are not provided for in any agreement between the parties.

## Conclusion

For the reasons stated herein, petitioner's motion to vacate the arbitration is denied, and respondent's motion to confirm the arbitration is granted. The clerk shall terminate the motion (ECF 15), enter judgment for respondent, and close the case.

SO ORDERED.

Dated:   April __, 2019
         New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge